Gaston, Judge.
 

 — This Court approves of the decision made in the Superior Court, that the deed set forth in the special verdict as executed by John E. Wood and wife Mary to Joseph S. Pugh, was not executed in due form of law to pass the estate of Mary Wood. A
 
 feme covert
 
 has no capacity at common law to make a deed, and an instrument purporting to be such is void, unless it be accompanied by the ceremonies prescribed by our acts of Assembly authorising
 
 femes covert
 
 to convey land. It is unnecessary to inquire whether the provisions therein made for the. protection of the wife are effectual or not. The courts of justice are bound to support them, and dare not substitute other provisions in their stead. Under these acts the private examination of the married woman, and her acknowledgment of the voluntary execution of, or voluntary assent to the deed, is indispensable. The examination must ordinarily be had before a judge, or in the Court of Pleas and Quarter Sessions of the county.
 
 *585
 
 This authority of the judge or the Court cannot be delegated at pleasure. In certain defined cases, however, the acts authorise a commission- to issue, and when such a commission has regularly issued, an examination before the commissioners, regularly taken, certified, and returned, has then the efficacy of an examination before the judge or in open court. These cases are, when the conveyance shall have been acknowledged by the husband or proved by the oath of one or more witnesses, before the judge or the County Court, and it shall be represented to the judge of the Court that the wife is a resident of another County, or is so infirm or aged that she cannot travel to the judge or County Court to make her acknowledgment. We do not assent to the argument that the case of infirmity must be such as to disable her as well from travelling to the Court as to the judge. The acts autho: rise a personal examination before the judge or the Court, and authorise either the judge or the Courtj when the infirmity is such as to forbid such a personal examination, to cause the same to be done by a commission. But we cannot get over the objection that no power is conferred on either the Judge or the Court to order a commission, until the conveyance has
 
 first
 
 been acknowledged by the husband, or proved by the oath of one or more witnesses. The language of the statutes is plain, and it is our duty to give full effect to it. The judgment below is affirmed.
 

 Per Cum am. Judgment affirmed.